Mr. Oscar Stilley Attorney at Law Central Mall Plaza, Suite 516 5111 Rogers Avenue Fort Smith, Arkansas 72903
Dear Mr. Stilley:
This is in response to your request, pursuant to A.C.A. §7-9-107, for certification of the following proposed popular name and ballot title:[1]
(Popular Name)
SCHOOL CHOICE AND EDUCATION VOUCHER AMENDMENT
(Ballot Title)
 AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO PROVIDE THAT PARENTS OR LEGAL GUARDIANS MAY SELECT ANY EDUCATIONAL PROVIDER THEY CHOOSE; REQUIRING THE STATE TO PROVIDE VOUCHERS REDEEMABLE FOR CASH TO PARENTS CHOOSING PRIVATE EDUCATION, PER STUDENT IN GRADES K-12, ACCORDING TO THE FOLLOWING SCHEDULE: FOR THE SCHOOL YEAR ENDING MAY, 1998, THE CASH VALUE OF EACH VOUCHER SHALL EQUAL 30% OF AVERAGE ANNUAL PER PUPIL STATE AND LOCAL EDUCATIONAL EXPENDITURES, FOR THE SCHOOL YEAR ENDING MAY, 1999, 50% OF SUCH EXPENDITURES, FOR THE SCHOOL YEAR ENDING MAY, 2000, 70% OF SUCH EXPENDITURES, FOR THE SCHOOL YEARS ENDING MAY, 2001, AND THEREAFTER, EACH VOUCHER SHALL EQUAL 75% OF SUCH EXPENDITURES; DEFINING THE TERM "AVERAGE PER PUPIL STATE AND LOCAL EDUCATIONAL EXPENDITURE" AS THE ARKANSAS STATE AND LOCAL GOVERNMENTAL FUNDS WHICH WOULD BE EXPENDED FOR THE EDUCATIONAL BENEFIT OF THAT PARTICULAR PUPIL IN THE PUBLIC SCHOOL IN WHICH THE CHILD WOULD ENROLL BY DEFAULT; ENTITLING THE STATE TO CONDITION THE REDEMPTION OF SUCH VOUCHERS UPON PROOF OF SATISFACTORY ACADEMIC PERFORMANCE ONLY, AS EVIDENCED BY RESULTS OF TESTS WHICH ARE TO BE SELECTED BY THE PARENTS FROM A STATE APPROVED LIST, UNLESS ADEQUATE INSTRUCTION IS PROVEN BY OTHER MEANS, SUCH AS ATTENDANCE AT AN ACCREDITED SCHOOL; PROVIDING THAT THE RIGHT TO ATTEND A PUBLIC SCHOOL OTHER THAN THE SCHOOL ASSIGNED BY DEFAULT SHALL BE CONTINGENT ON AVAILABLE SPACE AND OTHER LEGITIMATE STATE INTERESTS; ALLOWING ANY EDUCATIONAL PROVIDER, PUBLIC OR PRIVATE, TO CONDITION ATTENDANCE UPON COMPLIANCE WITH DISCIPLINARY RULES OR OTHER LEGITIMATE INTERESTS; DECLARING FAILURE TO PAY WITHIN A REASONABLE TIME AFTER SUCH PROOF AN ILLEGAL EXACTION; PROVIDING THAT SUCH VOUCHERS OR CASH REDEMPTIONS ARE NOT TAXABLE INCOME; PROHIBITING STATE REGULATION OF PRIVATE EDUCATIONAL PROVIDERS EXCEPT FOR MINIMALLY RESTRICTIVE LAWS ESSENTIAL FOR HEALTH AND SAFETY OR FRAUD PREVENTION, WHICH DO NOT UNDULY BURDEN PRIVATE EDUCATIONAL PROVIDERS; REQUIRING THE AFFIRMATIVE VOTE OF THREE FOURTHS OF THE MEMBERS OF EACH HOUSE OF THE ARKANSAS LEGISLATURE IN ORDER TO IMPOSE ANY NEW LAW ON PRIVATE SCHOOLS; REQUIRING THE LEGISLATURE AND STATE AND LOCAL RULE MAKING BODIES TO MAKE NECESSARY LAWS AND RULES TO ENFORCE THIS AMENDMENT; AUTHORIZING THE GENERAL ASSEMBLY TO SUPPLEMENT THE VOUCHER RIGHTS CREATED HEREIN; REPEALING ALL CONTRARY LAWS AND CONSTITUTIONAL PROVISIONS; MAKING THE AMENDMENT SELF EXECUTING AND EFFECTIVE ON PASSAGE, AND FOR OTHER PURPOSES.
The Attorney General is required, pursuant to Section 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed initiative.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See ArkansasWomen's Political Caucus v. Riviere, 282 Ark. 463, 466,677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417,316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). It has been stated that the ballot title must contain any information that would "give the elector `serious ground for reflection.'" Finn v. McCuen, 303 Ark. 418,798 S.W.2d 34 (1990), citing Gaines v. McCuen, 296 Ark. 513,758 S.W.2d 403 (1988). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v.Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying these precepts, it is my conclusion that the popular name submitted fulfills the requirements discussed above. It is hereby approved as submitted. In my judgment, however, a more suitable, complete and correct ballot title should be substituted for the one proposed. The following ballot title is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the amendment being referred:
(Ballot Title)
 AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO PROVIDE THAT PARENTS OR LEGAL GUARDIANS MAY SELECT ANY EDUCATIONAL PROVIDER THEY CHOOSE; REQUIRING THE STATE TO PROVIDE VOUCHERS REDEEMABLE FOR CASH TO PARENTS CHOOSING PRIVATE EDUCATION, PER STUDENT IN GRADES K-12, ACCORDING TO THE FOLLOWING SCHEDULE: FOR THE SCHOOL YEAR ENDING MAY, 1998, THE CASH VALUE OF EACH VOUCHER SHALL EQUAL 30% OF AVERAGE ANNUAL PER PUPIL STATE AND LOCAL EDUCATIONAL EXPENDITURES FOR STUDENTS OF THAT GRADE LEVEL IN THE SCHOOL DISTRICT WHERE THE CHILD RESIDES, FOR THE SCHOOL YEAR ENDING MAY, 1999, 50% OF SUCH EXPENDITURES, FOR THE SCHOOL YEAR ENDING MAY, 2000, 70% OF SUCH EXPENDITURES, FOR THE SCHOOL YEAR ENDING MAY, 2001, AND FOR ALL SUCCESSIVE YEARS, 75% OF SUCH EXPENDITURES; DEFINING THE TERM "AVERAGE PER PUPIL STATE AND LOCAL EDUCATIONAL EXPENDITURE" AS THE ARKANSAS STATE AND LOCAL GOVERNMENTAL FUNDS WHICH WOULD BE EXPENDED FOR THE EDUCATIONAL BENEFIT OF THAT PARTICULAR PUPIL IN THE PUBLIC SCHOOL IN WHICH THE CHILD WOULD ENROLL BY DEFAULT; PROVIDING THAT IF PARENTS ELECT TO ENROLL THEIR CHILDREN IN A PUBLIC SCHOOL OTHER THAN THE SCHOOL THE CHILD WOULD ATTEND BY DEFAULT, THE ALLOCATION AND DISTRIBUTION OF FUNDS FOR REDEMPTION OF VOUCHERS SHALL BE LEFT TO THE DISCRETION OF THE ARKANSAS GENERAL ASSEMBLY AND OTHER STATE AND LOCAL AUTHORITIES; ENTITLING THE STATE TO CONDITION THE REDEMPTION OF SUCH VOUCHERS UPON PROOF OF SATISFACTORY ACADEMIC PERFORMANCE ONLY, AS EVIDENCED BY RESULTS OF TESTS WHICH ARE TO BE SELECTED BY THE PARENTS FROM A STATE APPROVED LIST, UNLESS ADEQUATE INSTRUCTION IS PROVEN BY OTHER MEANS, SUCH AS ATTENDANCE AT AN ACCREDITED SCHOOL; DECLARING FAILURE TO PAY WITHIN A REASONABLE TIME AFTER SUCH PROOF AN ILLEGAL EXACTION; PROVIDING THAT SUCH VOUCHERS OR CASH REDEMPTIONS ARE NOT TAXABLE INCOME; PROVIDING THAT THE RIGHT TO ATTEND A PUBLIC SCHOOL OTHER THAN THE SCHOOL ASSIGNED BY DEFAULT SHALL BE CONTINGENT ON AVAILABLE SPACE AND OTHER LEGITIMATE STATE INTERESTS; ALLOWING ANY EDUCATIONAL PROVIDER, PUBLIC OR PRIVATE, TO CONDITION ATTENDANCE UPON COMPLIANCE WITH DISCIPLINARY RULES OR OTHER LEGITIMATE INTERESTS; PROHIBITING STATE REGULATION OF PRIVATE EDUCATIONAL PROVIDERS EXCEPT FOR MINIMALLY RESTRICTIVE LAWS ESSENTIAL FOR HEALTH AND SAFETY OR FRAUD PREVENTION, WHICH DO NOT UNDULY BURDEN PRIVATE EDUCATIONAL PROVIDERS; PROVIDING THAT ANY NEW STATE LAW REGULATING PRIVATE EDUCATIONAL PROVIDERS SHALL NOT BECOME EFFECTIVE UNLESS IT RECEIVES THE AFFIRMATIVE VOTE OF AT LEAST 3/4 OF THE MEMBERS OF EACH HOUSE OF THE GENERAL ASSEMBLY; PROVIDING THAT THE AMENDMENT SHALL APPLY TO EDUCATION FOR LEGAL ARKANSAS RESIDENTS; REQUIRING THE LEGISLATURE AND STATE AND LOCAL RULE MAKING BODIES TO MAKE NECESSARY LAWS AND RULES TO ENFORCE THIS AMENDMENT; AUTHORIZING THE GENERAL ASSEMBLY TO SUPPLEMENT THE VOUCHER RIGHTS CREATED HEREIN; REPEALING ALL CONTRARY LAWS AND CONSTITUTIONAL PROVISIONS; MAKING THE AMENDMENT SELF-EXECUTING AND EFFECTIVE ON PASSAGE, AND FOR OTHER PURPOSES.
Pursuant to A.C.A. § 7-9-108(c), instructions to canvassers and signers are enclosed herewith.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:NAH/cyh
Enclosure
[1] A popular name and ballot title for a proposed constitutional amendment on the same topic was certified to you on October 12, 1993, as evidenced by Op. Att'y Gen. No. 93-322, on November 8, 1993, as evidenced by Op. Att'y Gen. No. 93-371, and on December 15, 1993, as evidenced by Op. Att'y Gen. No.93-415.